### ESTATE OF R. D. TAYLOR.

No. 4802—March 9, 1878.

CONTEMPT, FINDING OF, JUDGMENT OF IMPRISONMENT OF EXECUTOR, until he makes payment of the distributed shares of the estate.

Construing sections, C. C. P., 1209, 1721.

*Burch & Griffith,* for distributees.

*R. H. Lloyd* and *J. M. Allen,* for executors.

By the COURT: By decree of this Court made February 21, 1876, (after due proceedings thereto had,) it was determined that there was a balance of $3,504.29 belonging to said estate in the hands of William Smith and Robert S. Smith, executors of the will of deceased, and the same was by said decree distributed and ordered to be paid as follows: To John Drummond two-sevenths; to Margaret Drummond Maury two-sevenths; to Agnes Drummond Haas two-sevenths; and to Janet Duncan one-seventh. The executors appealed from said decree to the Supreme Court, and upon such appeal the Supreme Court directed the decree to be modified so as to omit $394 of the balance so found and distributed. The remittitur was filed in this Court Jan. 12, 1878. Jan. 28, 1878, after due notice to the executors, this Court modified the decree as directed by the Supreme Court, and found the balance then due from the executors to be $3,464.65, (certain additions being made to the former

amount for interest since the date of the first decree,) and by its decree made distribution thereof to the persons and in the proportion named in the first decree.

Proceedings were thereupon had to punish said executors for contempt of this Court in not paying over said money in accordance with said decree, and citation was duly issued to them and served upon William Smith, one of the executors, who appeared on the return day, and the proofs of the respective parties were heard. From the evidence the Court finds as facts:

At the time of the decree of February 21, 1876, the funds of the estate were mingled with the funds of a firm of which the executor William Smith was a member, being used in the business of the firm; that he had control of the funds, and that he then had ability to pay each and all of the sums distributed; that he paid no part nor any of said distributed shares, and that he has not to this day made any payment thereof, nor has any other person; that said executors did not separate the funds of the estate, but permitted them to remain in the business of said Wm. Smith and his partner. Upon the hearing of the application now under consideration, said William Smith testified that pending the appeal in the Supreme Court his firm became involved and its property, together with the assets of said estate, was attached by creditors of the firm and still remains under seizure; that he has no individual real estate and no personal property of much value; that he has an income of $200 per month, and has a family to support.

From the foregoing facts the conclusions of law are: That no sufficient reason appears why the order for payment has not been complied with. It was the duty of each of the executors, under the decree of February 21, 1876, to make payment to the distributees of their respective shares, less the said sum of $394, and a reasonable sum for costs and expenses. It was their duty to have segregated the funds of the estate from the funds of the firm of Wm. Smith and his partner. If the funds of the estate have become so complicated with the firm as to have no ear-mark by which they can be designated and reached for distribution and payment,

the executors alone are responsible.    Upon the making of
the decree of January 28, 1878, it was the duty of the exec-
utors to forthwith make payment as therein directed.    It
does not appear that it is entirely beyond the power of the
executors to make the payments.    They make no offer to
have their assets marshalled, or to do any act; Wm. Smith
does not offer to have any portion of his income applied.
Even if the executors are now unable to pay, their own
wrongful acts have caused such inability.

It is adjudged that each of said executors is guilty of
contempt of this Court in not paying to said distributees the
sums which should be paid to them respectively; and it is
ordered that said Wm. Smith be imprisoned until he shall
make said payments or until he be discharged according to
law.

Let a decree be made and a warrant of commitment
issued.